UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANDY BIERER,

                       Plaintiff,                    **ORDER**

      - v -

                                                CV-05-2459 (CPS)(VVP)

GLAZE, INC.,

                       Defendant.
------------------------------------------------------------x

      By letter dated May 12, 2006, the plaintiff seeks an order compelling the defendant to provide responses to interrogatories and to produce documents responsive to document requests notwithstanding the defendant's objections to providing that discovery. The defendant has opposed the application by letter dated May 17, 2006 which cites objections primarily on grounds of relevance and confidentiality, and asserts without amplification the objections of burden and privilege as well. The plaintiff correctly points out, however, that because the defendant failed to respond timely to those discovery requests (the lack of timeliness led to a previous application to compel the defendant to serve responses which was rendered moot by the defendant's untimely responses) the defendant has waived its objections. *See, e.g.,* Fed. R. Civ. P. 33(b)(4); *Eldaghar v. City of New York Dept. of Citywide Administrative Services*, No. 02Civ. 9151, 2003 WL 22455224, *1 (S.D.N.Y. Oct. 28, 2003) (citing cases); *Carr v. Queens-Long Island Medical Group, P.C.*, Nos. 99 Civ. 3706, 02Civ. 1676, 2003 WL 169793, *5 (S.D.N.Y. Jan. 24, 2003). Indeed, the objections based on burden do not even appear to have been raised in the untimely responses. The objections based on confidentiality are met by the entry of an appropriate order. Accordingly, the defendant's objections to providing information on the basis of relevance, burden and privacy are overruled and the defendant is hereby ordered to provide complete

responses to the plaintiff's interrogatories and produce all documents responsive to the plaintiff's document requests within seven business days. Documents may be withheld on the basis of the attorney-client privilege or the work-product doctrine, but any documents withheld on those bases must be identified on a log that complies with Local Civil Rule 26.2, such log to be served within seven business days. No documents may be withheld on the basis of any other privilege, all such objections having been waived by the failure timely to serve the required log. *See United States v. Construction Products Research, Inc.*, 73 F.3d 464, 473 (2nd Cir. 1996).

Any documents which the defendant believes contain trade secrets or other information that qualifies for protection on grounds of the privacy interests of individuals may be marked as "Confidential" and such documents shall not be disclosed to anyone by the plaintiff's counsel (other than to the plaintiff and individuals within the employment of counsel who have a need to know) except as required in proceedings before the court.

Because of the defendant's tardiness in providing the above information, the plaintiff may postpone the depositions of individuals of whom questions about the information would likely be asked, and may conduct the depositions after the discovery deadline to the extent necessary. This does not serve as a general extension of discovery deadlines.

                                                    **SO ORDERED:**
                                                    *Viktor V. Pohorelsky*
                                                    VIKTOR V. POHORELSKY
                                                    United States Magistrate Judge

Dated:    Brooklyn, New York
            May 24, 2006